**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-22512-CIV-MGC**

MIRIAM GARCIA,

    Plaintiff,
v.

REGAL CINEMAS, INC.
d/b/a The Falls 12,

    Defendant/Third-Party Plaintiff,
v.

AMERICO MANUFACTURING COMPANY, INC.,
and ONE-STOP PERSONNEL SERVICES, LLP,

Third-Party Defendants.
_____/

**THIRD-PARTY DEFENDANT ONE-STOP PERSONNEL SERVICES, LLP'S MOTION FOR FINAL SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Third-Party Defendant, ONE-STOP PERSONNEL SERVICES, LLP (hereinafter "One-Stop"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 7.1, hereby files this dispositive Motion for Final Summary Judgment and Incorporated Memorandum of Law and requests the Court enter and Order granting the same.

**I. PRELIMINARY STATEMENT**

This case arises out of Defendant, REGAL CINEMAS, INC. d/b/a The Falls 12's (hereinafter "Regal") alleged failure to maintain its premises in a reasonably safe manner pursuant to Florida negligence law.  Specifically, in her Amended Complaint, Plaintiff claims Regal was negligent by (1) installing a torn bathroom mat in the bathroom; (2) failing to replace the torn bathroom mat; and (3) failing to keep the floor and mats dry and clean.  [ECF No. 14 at

¶ 12]. It is undisputed that the Amended Complaint contains no causes of action or allegations against One-Stop. In fact, there are no allegations in the Amended Complaint which would support the proposition that Regal is vicariously liable for any act or omission of One-Stop, or that One-Stop's negligence was the proximate cause of Plaintiff's damages.

In its Third-Party Complaint, Regal brings claims for breach of contract (Count VI) and contractual indemnity (Count VII). In both Counts VI and VII, Regal claims One-Stop breached its obligations under the Independent Contractor Agreement (hereinafter "ICA") by failing to defend and indemnify Regal in the underlying negligence action. [ECF No. 27]. Regal also claims that One-Stop breached its obligations under the ICA by failing to "inspect, service, and maintain the women's lobby restrooms located within the Movie Theater, including the mat and restroom floor." [Id. at ¶ 54]. It should be noted that although Counts I and II are pled as two separate counts, the requested relief is the same – Regal is seeking indemnification from One-Stop for an alleged breach of One-Stop's duties under the ICA. However, as set forth more fully below, the contractual indemnity provision under the ICA has not been triggered in this case since (1) Plaintiff's Amended Complaint does not contain a separate claim for vicarious liability against Regal based on the acts and omissions of One-Stop; and (2) One-Stop had no obligation under the ICA to inspect or maintain the floor mats at the subject movie theater.

Accordingly, One-Stop moves the Court for an Order granting final summary judgment in its favor because Regal's claims for contractual indemnity and breach of contract both fail as a matter of law. One-Stop also seeks an Order declaring that it is entitled to recover from Regal all costs, expenses, and attorneys' fees it has incurred as a result of this action pursuant to Section 5 of the ICA.

## II. UNDISPUTED FACTS

The facts which will guide the Court's determination of the contractual indemnity issues are not in dispute. In that regard, One-Stop relies on the Statement of Undisputed Material Facts and all Exhibits submitted with this Motion under S.D. Fla. L.R. 56.1.

## III. LEGAL STANDARD

### A. Standard For Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Matsushita Elec. Indus, Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (finding is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.").

Rule 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. Id. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to defeat a motion for summary judgment. Anderson, 477 U.S. at 252. Summary judgment procedure is regarded "as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327.

*Garcia v. Regal Cinemas, Inc. v. One-Stop Personnel Services, LLP, et. al.*
Case No. 17-cv-22512-CIV-MGC

### B. Tennessee Law Applies to the Interpretation of the ICA

The threshold issue in this litigation concerns the interpretation of an indemnification provision in the ICA. That issue turns upon the application of Tennessee law pursuant to the ICA's enforceable choice-of-law provision. Specifically, Section 6.6 of the ICA provides as follows: "[t]his Agreement shall be construed and interpreted in accordance with the laws of the state of Tennessee." [Ex. A at p. 5, Section 6.6]. Therefore, Tennessee substantive law applies to the interpretation and effect of the ICA.

### III. LEGAL ARGUMENT

#### A. One-Stop Had No Duty To Defend Or Indemnify Regal Under The Terms Of The ICA

Pursuant to Section 4.1 of the ICA, One-Stop is only required to defend and indemnify Regal against claims or actions arising out of:

(1) The acts or omissions of [One-Stop] in connection with [One-Stop's] pursuant to this Agreement;

(2) Any breach of its representations or warranties contained in this Agreement; or

(3) Any breach of its obligations pursuant to this Agreement.

[Ex. A at p. 4]. As demonstrated below, One-Stop owes no duty or obligation to defend or indemnify Regal in the negligence claim asserted by Plaintiff pursuant to the plain language of the ICA.

#### i. The Amended Complaint Does Not Trigger A Duty To Defend Or Indemnify.

As a matter of law, One-Stop has no duty to defend or indemnify Regal in Plaintiff's suit against Regal because Section 4.1.1 of the ICA only applies where a claim of vicarious liability is asserted against Regal, or where the operative underlying pleading expressly alleges that an act or omission of One-Stop was the cause of Plaintiff's damages. Neither predicate to One-Stop's

indemnification obligations under Section 4.1.1 is established by the four corners of Plaintiff's Amended Complaint against Regal.

Although not directly addressed by any court applying Tennessee law, similar contractual indemnity provisions have been uniformly interpreted by Florida courts to apply only to suits where the underlying complaint asserts a claim for vicarious liability against the party seeking indemnity. Moreover, in order to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action. See General Asphalt Co., Inc. v. Bob's Barricades, Inc., 22 So. 3d 697 (Fla. 3d DCA 2009). In General Asphalt, a contractor sought contractual indemnity from a subcontractor relating to work performed on a construction project. Id. at 698. There, like here, the underlying injured plaintiff alleged in her complaint separate counts for each defendant and "did not include a claim for vicarious liability" against the general contractor who sought indemnity. Id. at 699. Because of the failure of the underlying complaint to assert a separate vicarious liability claim against the party seeking indemnity, the district court held that no such contractual indemnity existed as a matter of law. Id. at 698-99. The General Asphalt court held:

> The injured motorist alleged in her Complaint separate counts for each defendant and did not include a claim for vicarious liability against [the general contractor] for the actions of [the subcontractor]. Florida law is clear that in order to pursue a vicarious liability claim, the claimant much specifically plead it as a separate cause of action.

Id. at 699 (citing Goldschmidt v. Holman, 571 So. 2d 422 (Fla. 1990)); see also King Cole Condo. Ass'n, Inc. v. Mid-Continent Cas. Co., 21 F. Supp. 3d 1296, 1299 (S.D. Fla. 2014) ("Florida law requires a claimant to specifically plead vicarious liability as a separate cause of action"). The foregoing analysis should be adopted by this Court in light of established Tennessee state law that vicarious liability represents an independent claim that is separate from

other theories of liability.  See Jones v. Windham, No. W2015–00973–COA–R10–CV, 2016 WL 943722 at *5 (Tenn. Ct. App. March 11, 2016).

One-Stop similarly owes no duty to defend Regal where the only allegations in the Amended Complaint relate to direct claims against Regal and do not contain a vicarious liability cause of action based on the acts and omissions of One-Stop nor any allegation that any act or omission by One-Stop was the proximate cause of Plaintiff's injuries.  See, e.g., State, Dept. of Transp. v. Florida Keys Elec. Co-op. Assn., 831 So. 2d 713 (Fla. 3d DCA 2002) (where district court held that there was no duty to indemnify or defend where the claim against the party seeking indemnity was for its own negligence).

In the analogous situation of the interpretation of an additional insured endorsement, Tennessee courts have held that similar language imposed a duty on the insurance company to extend coverage only when the named insured is specifically alleged to have proximately caused the loss, or where the additional insured is vicariously liable.  See Place v. P.F. Chang's China Bistro, No. 2:12-cv-2656-SHL-cgc, 2015 WL 11145058 (W.D. Tenn. Mar. 23, 2015). Specifically, in Place, the district court analyzed an additional insured provision which covered the additional insured "with respect to liability for 'bodily injury' . . . caused, in whole or in part, by [y]our acts or omissions" or "[t]he acts or omissions of those acting on your behalf." Id. at *5-6.  The district court interpreted such endorsement to invoke coverage for the additional insured only in circumstances where the named insured's actions were the proximate cause of the underlying injury, or where the additional insured was vicariously liable for those injuries.  Id. at *7.  Finding that the underlying lawsuit contained no such allegations, the district court held the insurance company (Zurich) had no obligation to defend or indemnify the lessor (Belz Park Place, G.P. or Belz/South Bluffs, Inc.) in the underlying lawsuit.  Id. at *7-8.

Courts interpreting similar additional insured endorsements under Florida law have concluded that, to qualify as an additional insured and be entitled to defense and indemnity in the underlying suit, there must be vicarious liability. See, e.g., Mid-Continent Cas. v. Constr. Servs. & Consultants, No. 06-CV-80922, 2008 WL 896221 at *5 (S.D. Fla. Mar. 31, 2008); United Rentals, Inc. v. Mid-Continent Cas., 843 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012); King Cole Condo. Ass'n., 21 F. Supp. 3d at 1298-99 (all interpreting identical additional insured endorsements and holding the policies only provided indemnity coverage for an additional insured to the extent that it was sued for vicarious liability resulting from the named insured's negligence).

In King Cole, the endorsement defined an additional insured as "[a]ny person or organization for whom the named insured has agreed by written 'insured contract' to designate as an additional insured." 21 F. Supp. 3d at 1298. The policy further defined an "insured contract" as, among other things, "that part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization, provided the [liability] is caused, in whole or in part, by you or by those acting on your behalf." Id. at 1299.

The King Cole court interpreted this language to limit coverage only to the putative insured's vicarious liability, not liability for its own negligence. Id. Indeed, the court held the policy only provided coverage for an additional insured to the extent that it was sued for vicarious liability resulting from the named insured's negligence, and thus rejected King Cole's contention that the policy provided coverage for its own negligence. Id. The court further held that since Florida requires a claimant to specifically plead vicarious liability as a separate action and because there

was no such allegation in the complaint, there could be no additional insured coverage for King Cole. Id.

Applying this same analysis to the underlying Amended Complaint, in which Regal has been sued exclusively for its own acts and omissions, it is clear that One-Stop has no duty to defend or indemnify Regal pursuant to the express terms of Section 4.1.1 of the ICA.

Here, Regal appears to be seeking indemnification for its own negligence. However, under the express terms of the ICA, One-Stop has no duty to indemnify Regal for its own negligence. Under Tennessee law, parties may contract away liability for their own negligence but such contracts will be strictly construed. McClain v. Illinois Central Gulf RR., No. 02A01–9103–CV–00041, 1991 WL 193845, at *4 (Tenn. Ct. App. Oct. 2, 1991). Specifically, in McClain, the court held that

> In order for an indemnity agreement to be construed to require indemnification of the indemnitee's own negligence, the intention of the parties to do so must be expressly clear and in unequivocal terms or unless no other meaning can be ascribed to it . . . . Mere general, broad and all inclusive language in the indemnifying agreement has been said not to be sufficient to impose liability for the indemnitee's own negligence.

Id. (internal quotations and citations omitted). The indemnification provision at issue in McClain provided as follows: the Licensee "agrees to indemnify, defend, and save harmless the railroad for losses sustained "in any manner or degree caused by, attributable to, or resulting from, whether directly or indirectly, the exercise of the rights herein granted . . . . At the election of the Railroad, the Licensee, upon receipt of notice to that effect, shall assume or join in the defense of any claim or suit based upon allegations or any such liability of the Railroad." Id. The court held that such language did not clearly and unequivocally express an intention to require the Licensee to indemnify the Railroad for losses caused by the Railroad's own

negligence. Id. Likewise, the language of Section 4.1.1 of the ICA does not clearly and unequivocally require One-Stop to indemnify Regal for losses caused by Regal's own negligence. Therefore, as a matter of law, One-Stop has no duty to defend or indemnify Regal with respect to Plaintiff's lawsuit.

### ii. One-Stop Has Not Breached Any Representation, Warranty, Or Obligations Under The ICA.

Regal's breach of contract and indemnification claims under Sections 4.1.2 or 4.1.3 of the ICA both fail as a matter of law because One-Stop has not breached any of its contractual duties. The scope of One-Stop's work is clearly laid out in Schedule A of the ICA and does not include any duty to maintain or inspect floor mats inside the subject theater. Rather, One-Stop is only required to sweep and mop the tile floor and clean all tiled surfaces. Any attempt by Regal to broaden this language to cover inspection of floor mats clearly exceeds the scope of One-Stop's contractual obligations under the ICA and should be rejected by this Court. Here, it is undisputed that One-Stop was simply hired by Regal to perform basic cleaning services at the subject theater after hours and only one time per day. [See Ex. B at ¶¶ 5-6]. It is also undisputed that the scope of One-Stop's work under the ICA did not call for One-Stop to inspect or maintain floor mats inside of the subject theater. [Id. at ¶ 4]. Simply put, One-Stop had no contractual legal duty to maintain or inspect (or even pick up) the floor mat that Plaintiff clearly alleges was the cause of her fall. [See Ex. D at 33:6-15; 46:3-6; 40:7-8; 49:23-50:5, 50:16-21]. Although this issue does not appear to have been addressed by courts in Tennessee, it is well-settled in Florida that a defendant owes no duty that exceeds its contractual obligations to a landowner. See Robert-Blier v. Statewide Enterprises, Inc., 890 So. 2d 522, 523-24 (Fla. 4th DCA 2005) (security company hired by association did not owe visitor any duty that exceeded the scope of its contractual obligation). Here, the contract between Regal and One-Stop is clear, and it is

limited to the duties that One-Stop contracted to perform. As such, One-Stop owed no duty to Regal under the ICA and Regal's claims for indemnification and breach of contract both fail as a matter of law.

### B. One-Stop is Entitled to Attorneys' Fees, Costs, and Expenses Pursuant to Section 5.2 of the ICA

By filing its Third-Party Complaint, Regal voluntarily chose to pursue this action for breach of the ICA outside of arbitration. However, this third-party action clearly falls within the scope of the term "Arbitrable Dispute," which is defined in Section 5.1 of the ICA as "[a]ny dispute regarding any aspect of this Agreement or any act, which allegedly has or would violate any provision of this Agreement." [Ex. A at p. 4]. It is further undisputed that arbitration is the <u>exclusive</u> remedy for resolution of any "Arbitrable Dispute" under the ICA. [<u>Id</u>.]. As a result, One-Stop is entitled to recover from Regal all costs, expenses, and attorneys' fees incurred as a result of defending itself in this action pursuant to Section 5.2.

### IV. CONCLUSION

The record evidence does not support Regal's assumption that One-Stop had any duty with respect to the floor mats inside the bathroom or had any notice of a dangerous condition involving the same. Based upon the material undisputed facts and summary judgment evidence, One-Stop has established that it did not breach any duty under the ICA and has no duty to defend or indemnify Regal for the claims asserted in Plaintiff's Amended Complaint. As a result, Third Party Defendant, One-Stop Personnel Services, LLP, respectfully requests that the Court enter final summary judgment in its favor and against Third-Party Plaintiff Regal Cinemas, Inc., award One-Stop all costs, expenses, and attorneys' fees incurred as a result of defending itself in this action in accordance with Section 5.2 of the Independent Contractor Agreement, and such other relief as this Court deems fair and just.

*Garcia v. Regal Cinemas, Inc. v. One-Stop Personnel Services, LLP, et. al.*
Case No. 17-cv-22512-CIV-MGC

Respectfully submitted this 11th day of May, 2018.

/s/ George L. Fernandez
GEORGE L. FERNANDEZ, ESQ.
Florida Bar No.: 0002097
LATANAE L. PARKER, ESQ.
Florida Bar No.: 76591
Quintairos, Prieto, Wood & Boyer, P.A.
*Attorneys for Third-Party Defendant,*
*One-Stop Personnel Services, LLP*
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel.: 305-670-1101
Fax: 305-670-1161
gfernandez@QPWBLAW.com
latanae.parker@QPWBLAW.com
bfetokakis-fernandez@QPWBLAW.com

*Garcia v. Regal Cinemas, Inc. v. One-Stop Personnel Services, LLP, et. al.*
Case No. 17-cv-22512-CIV-MGC

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2018 the foregoing document is being served upon all counsel of record listed below in the manner specified.

***Counsel for the Plaintiff:***
Tom Pennekamp, Esq.
PENNEKAMP LAW, P.A.
2811 SW 3rd Avenue
Miami, Florida 33129
T: (305) 860-4445
F: (866) 353-5529
tom@pennekamplaw.com
angie@pennekamplaw.com
lizy@pennekamplaw.com
*Via CM/ECF and/or Email*

***Counsel for Defendant, Regal Cinemas, Inc.***
Steven W. Cornman
KUBICKI DRAPER, P.A.
25 West Flagler Street, PH
Miami, Florida 33130
T: (305) 982-6632
F: (305) 374-7846
SC-KD@kubickidraper.com
*Via CM/ECF and/or Email*

***Counsel for Third-Party Defendant Americo Manufacturing Company, Inc.***
Seth R. Goldberg
CONROY SIMBERG GANON KREVANS & ABEL
3440 Hollywood Boulevard, 2nd Floor
Hollywood, FL 33021
T: (954) 961-1400
F: (954) 967-8577
Email: sgoldberg@conroysimberg.com
*Via CM/ECF and/or Email*